IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:18-cr-09 |
| v. | ) |
| | ) JUDGE KIM R. GIBSON |
| WILLIE GENE GULLEY, JR., | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM OPINION</u>

On April 12, 2022, defendant William Gene Gulley, Jr. ("Mr. Gulley") filed a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)." (3:18-CR-09, ECF No. 192).[1]  For the following reasons, the Court **DENIES** this motion.

I.  **BACKGROUND**

The facts of this case require an understanding of three important legal developments that occurred from 2010 to 2018.  First, on August 3, 2010, Congress enacted the Fair Sentencing Act, which increased the drug quantities needed to trigger mandatory minimum sentences for certain crack cocaine offenses. P.L. 111-220, § 2(a)(1), 124 Stat. 2372. Second, on November 1, 2011, the United States Sentencing Commission (the "Sentencing Commission") implemented Amendment 750, which amended the United States Sentencing Guidelines ("U.S.S.G.") in accordance with the Fair Sentencing Act. *See* U.S.S.G. app. C., amend. 750 (Supp. Nov. 1, 2011).  The Sentencing Commission also made

---

[1] Because the Court cites to filings from multiple cases in this opinion, it will cite to filings in the format "[Case Number], [Docket Number]."  Where a sentence cites to a filing with both the same case and docket number as the preceding sentence, the Court will use a standard "*Id.*"  Where a sentence cites to the same case number but a different docket number, the Court will use the citation format "*Id.*, [Docket Number]."

Amendment 750 retroactive on the same date, *see id.* amend. 759, but it was not until December 21, 2018, that the third development—Congress's passage of the First Step Act, Pub. L. 115-391, 132 Stat. 5222—made retroactive the relevant Fair Sentencing Act provisions relating to crack cocaine mandatory minimums. Section 404(b) of this statute authorizes district courts to "impose a reduced sentence" on defendants incarcerated for crack cocaine offenses "as if sections 2 and 3 of the Fair Sentencing Act [i.e., the provisions adjusting mandatory minimums] . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). However, Section 404(c) limits operation of the statute to bar reductions for sentences "previously . . . reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010[.]" *Id.* § 404(c).

The facts of this case are as follows: on December 13, 2006, the Court sentenced Mr. Gulley in case number 3:05-CR-16 to 151 months of imprisonment and five years of supervised release for trafficking crack cocaine. (Case No. 3:05-CR-16, ECF No. 159). On January 5, 2012—following passage of the Fair Sentencing Act and implementation of Amendment 750—Mr. Gulley moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), which allows courts to resentence defendants whose sentences were based on a guideline range that was subsequently amended by the Sentencing Commission.[2] The Court granted this motion on May 14, 2012, but it could only lower Mr. Gulley's sentence to 120 months

---

[2] Mr. Gulley had initially made this request in a pro se motion filed December 20, 2011. (Case No. 3:05-CR-16, ECF No. 189). However, it was on January 5, 2012, that the Federal Public Defender's office filed an amended version of this motion on Mr. Gulley's behalf. (*Id.*, ECF No. 191).

of imprisonment. (Case No. 3:05-CR-16, ECF No. 202).[3] The Fair Sentencing Act, as noted, did not retroactively adjust mandatory minimums, and the mandatory minimum for Mr. Gulley's offense at the time of his 2006 sentencing was 120 months of imprisonment.

On April 19, 2022, Mr. Gulley again moved for a reduction of his original 2006 sentence, this time seeking retroactive application of the Fair Sentencing Act's lower mandatory minimums enabled by the First Step Act. (Case No. 3:18-CR-09, ECF No. 192). Although Mr. Gulley's prison term from that sentence ended in 2013, (*id.*, ECF No. 174), he technically remains subject to the term of supervised release from that sentence because he has repeatedly earned revocation sentences by trafficking narcotics while on supervised release. *See United States v. Johnson*, No. 08-CR-285, 2020 WL 2042340, at *3 (W.D. Pa. Apr. 27, 2020). Accordingly, this motion is not moot but can only affect the term of supervised release remaining from Mr. Gulley's 2006 sentence.

## II.  ANALYSIS

It is possible, but not certain, that Mr. Gulley's motion at ECF No. 192 is barred by Section 404(c) of the First Step Act. As noted, this section bars motions to reduce sentences "previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010[.]" The Court previously reduced Mr. Gulley's 2006 sentence based on U.S.S.G. Amendment 750, which "altered the drug quantity table in § 2D1.1 for crack cocaine in accordance with the Fair Sentencing Act[.]" *U.S. v. Easter*, 502 F. App'x 152, 153 (3d Cir. 2012). However, it is not clear from Third Circuit precedent that a

---

[3] The Court had previously reduced Mr. Gulley's prison sentence from 151 months to 121 months in 2008 on grounds unrelated to the Fair Sentencing Act. (Case No. 3:05-CR-16, ECF No. 184). Its 2012 order therefore reduced Mr. Gulley's sentence from 121 months to 120 months.

reduction based on Amendment 750 is itself made "in accordance with" the Fair Sentencing Act within the meaning of Section 404(c). At present, the Third Circuit has not resolved the question of "whether a Defendant resentenced after the passage of the [Fair Sentencing Act], even if not resentenced explicitly pursuant to the Act, but under guidelines which reflect the changes brought about by that statute, is barred from seeking a sentence reduction under § 404(c)." *United States v. Morales*, No. 06-CR-76, 2022 WL 17733662, at *6 (D.N.J. Dec. 15, 2022).

The Court need not answer this question here because its resolution would not affect the outcome of this case; even if Mr. Gully's present motion for a sentence reduction were not barred by Section 404(c), the Court would still not grant it. In assessing whether to impose a reduced sentence, the Court "is obligated to proceed by considering the factors set forth in 18 U.S.C. [§] 3553(a)." *United States v. Ervin*, 423 F. Supp. 3d 127, 137 (W.D. Pa. 2019). How the Court analyzes the Section 3553(a) factors and whether it ultimately decides to impose a reduced sentence is left to its full discretion. *See Concepcion v. United States*, 142 S. Ct. 2389, 2402 (2022) ("In fact, § 404(c) only underscores that a district court is not required to modify a sentence for any reason."). Particularly relevant here are the Court's considerations of (a) Mr. Gully's history and characteristics, 18 U.S.C. § 3553(a)(1), (b) whether the sentence imposed affords adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and (c) whether it protects the public from further crimes of the defendant. *Id.* § 3553(a)(2)(C).

In the seventeen years since the Court imposed the sentence at issue, Mr. Gully has been repeatedly convicted and re-incarcerated for additional drug trafficking offenses. Mr.

4

Gulley's term of imprisonment for the 2006 sentence ended with Mr. Gulley's release on May 17, 2013. (ECF No. 174 at 8). On April 22, 2015, while on supervised release, Mr. Gulley was charged with a crack cocaine trafficking offense in case number 3:15-cr-13. (3:15-cr-13, ECF No. 1). He pleaded guilty to that single charge on the same day, (*id.*, ECF No. 6), and the Court sentenced him to 36 months of imprisonment and 3 years of supervised release for this offense on September 4, 2015. (*Id.*, ECF No. 18).

Mr. Gulley's term of imprisonment for this 2015 sentence ended on May 5, 2017. (3:18-cr-09, ECF No. 174 at 9). At that time, his three-year term of supervised release from the 2015 sentence commenced, and his five-year term of supervised release for the 2006 sentence re-commenced. (*Id.*). However, on March 21, 2018, Mr. Gulley was charged with two counts of heroin trafficking. (*Id.*, ECF No. 1). He pleaded guilty to both counts on August 19, 2021, (*id.*, ECF No. 169), and the Court sentenced him on January 4, 2022, to 27 months of imprisonment and 3 years of supervised release. (*Id.*, ECF No. 181).

On January 5, 2022, the Court entered an amended judgment in 3:05-CR-16 ordering that "[Mr. Gulley] at CR 05-16 is sentenced to 37 months of imprisonment, to be followed by 24 months of supervised release." (3:05-CR-16, ECF No. 273). This sentence was to "run consecutive to the sentence imposed by this Court at CR 18-09," with the "periods of supervised release . . . run[ning] concurrently with each other as to all the sentences." (*Id.*). This resulted in "a sentence overall for CR 18-09 and 05-16 and 15-13 of 64 months of imprisonment followed by 36 months of supervised release[,]" (*id.*), which Mr. Gulley is currently serving at the Federal Correctional Institution, Hazelton, in Bruceton Mills, West Virginia. (*See* 3:18-CR-09, ECF No. 192-1).

Considering Mr. Gulley's criminal recidivism and past inability to comply with the conditions of supervised release, the Court does not believe that any reduction in what remains of his 2006 supervised release sentence would be appropriate. It therefore denies Mr. Gulley's motion for a sentence reduction at ECF No. 192.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:18-cr-09 |
| v. | ) |
| | ) JUDGE KIM R. GIBSON |
| WILLIE GENE GULLEY, JR., | ) |
| | ) |
| Defendant. | ) |

### ORDER

AND NOW, this 13th day of July, 2023, **IT IS HEREBY ORDERED** that Willie Gene Gulley, Jr.'s Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (ECF No. 192), is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE